IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES WALTER HILL JR., § <br> Petitioner, § <br> § <br> v. § <br> § <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:08-CV-217-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Charles Walter Hill Jr., TDCJ # 808165, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 26, 1997, jury found Hill guilty of aggravated robbery with a deadly weapon in

Case No. 0593946D in the 371st District Court of Tarrant County, Texas, and, on November 14, 1997, the trial court assessed his punishment at thirty-six years' confinement. (Clerk's R. at 70, 145) The Second District Court of Appeals of Texas affirmed the trial court's judgment on August 27, 1998. *Hill v. Texas*, No. 02-97-704-CR, slip op. (Tex. App.–Fort Worth Aug. 27, 1998) (not designated for publication). Hill did not file a timely petition for discretionary review.

On October 5, 2004, Hill filed a state application for writ of habeas corpus alleging that his appellate counsel had been ineffective by failing to notify him of the state appellate court's affirmance and his right to file a pro se petition for discretionary review (PDR). *Ex parte Hill*, Application No. WR-49,446-02. Permission was granted to file an out-of-time PDR by the Texas Court of Criminal Appeals on August 31, 2005, however, Hill failed to file a PDR. On March 23, 2005, Hill filed a motion for DNA testing in the trial court, which was denied. (Resp't Preliminary Resp. at 4) Hill appealed, but the denial was affirmed by the Second District Court of Appeals and Hill's petition for discretionary review was refused on April 18, 2007. *Hill v. Texas*, PDR 39-07. Hill filed a second state application for writ of habeas corpus challenging his conviction on June 4, 2007, which was denied without written order by the Texas Court of Criminal Appeals on July 25, 2007. *Hill v. Texas*, No. 2-06-071-CR, slip op. (Tex. App.–Fort Worth Dec. 7, 2006) (not designated for publication); *Ex parte Hill*, Application No. WR-49,446-03, at cover. Hill filed this federal petition on March 31, 2008.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations.

---

[1] In his petition, Hill does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D. ISSUES

In this petition, Hill challenges his conviction on four grounds. (Petition at 7-8.)

E. STATUTE OF LIMITATIONS

Quarterman argues that Hill's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Resp. at 4-8) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date

on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Hill's conviction became final and the one-year limitations period began to run upon expiration of the time that Hill had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on September 26, 1998, and closed one year later on September 26, 1999, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Hill is not entitled to statutory tolling under § 2244(d)(2). His state habeas applications and his motion for DNA testing, filed after limitations had already expired, did not operate to toll the limitations period.[2] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). *See also Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007) (holding motion to test DNA evidence under article 64 of the Texas Code of Criminal Procedure constitutes "other collateral review" for purposes of § 2244(d)(2)); *Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir. 2004) (holding the grant of an out-of-time PDR does not effect the running of the limitations period). Nor has Hill alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.[3] *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

---

[2] It is noted that Hill filed a petition for writ of mandamus in 2001 complaining of appellate counsel's representation and requesting copies of state court records. The pendency of a mandamus application, however, is not "other collateral review" for purposes of § 2244(d)(2) and bears no relevance to the computation of the limitations period. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

[3] Quarterman argues that equitable tolling is not applicable to federal habeas petitions based on the recent Supreme Court opinion in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), however, the Fifth Circuit Court of Appeals has rejected this argument. *United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir. 2008).

Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that Hill was actively misled by the state about filing deadlines or prevented in some extraordinary way from asserting his rights. In his "Motion to Appeal" (docket entry #24), Hill asserts that he is mentally incompetent, reliant on other inmates to assist him in his case, and actually innocent of the offense. Mere ignorance of the law and claims of actual innocence do not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Further, allegations of low I.Q., mental incompetency or mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition, incompetency or illness rendered the petitioner unable to pursue his legal rights during the relevant time period. *See Fisher*, 174 F.3d at 715-16. Hill relies upon four different psychological evaluations conducted in 1997, in which it is suggested that he suffers from mild to moderate retardation. (Pet'r Brief in Support) However, notwithstanding those evaluations, a jury rejected Hill's mental-incompetency defense in light of the state's expert testimony and determined Hill was competent to stand trial. (Clerk's R. at 132) More recently, the state habeas court rejected the claim that Hill is mentally incompetent after considering his third habeas application. This determination is entitled to the appropriate deference. 28 U.S.C. § 2254(e)(1). Even if the court were to assume Hill was and continues to be mentally incompetent to pursue his rights in a timely

manner based on the psychological evaluations provided to the court, Hill has not diligently pursued federal habeas relief.

Hill's petition was due on or before September 26, 1999. Accordingly, his petition filed on March 31, 2008, is untimely.

## II. RECOMMENDATION

Hill's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 20, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 20, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 29, 2008.

     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE